Haydee D. Garbero, State Bar No. 190749
Duane Tyler, State Bar No. 147191
**MOORE, BREWER, JONES, TYLER & NORTH**
4180 La Jolla Village Drive, Suite 540
La Jolla, CA 92037-1474
Telephone: (858) 626-2880
Facsimile: (858) 626-2899

Attorneys for Respondent,
REDWOOD CREDIT UNION

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SANTA ROSA)

| | |
|---|---|
| In Re | ) Bankruptcy No. 09-11251 |
| | ) Chapter 13 |
| LAWRENCE V. HAMMER and | ) |
| SUSAN M. HAMMER, | ) |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) **REDWOOD CREDIT UNION'S OPPOSITION** |
| LAWRENCE V. HAMMER and | ) **TO DEBTORS' MOTION FOR ORDER** |
| SUSAN M. HAMMER, Debtors, | ) **VALUING LIEN OF REDWOOD CREDIT** |
| | ) **UNION AS $0** |
| Moving Parties, | ) |
| | ) Date: TO BE SET BY COURT |
| v. | ) Time: TO BE SET BY COURT |
| | ) Div..: Santa Rosa |
| | ) Judge: Hon. Alan Jaroslovsky |
| REDWOOD CREDIT UNION | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

 Secured Creditor REDWOOD CREDIT UNION (herein the "Credit Union") hereby responds to and opposes Debtors' Motion for Order Valuing Lien of Redwood Credit Union as $0 ("Debtors' Motion"). The Credit Union opposes Debtors' Motion on the grounds that its claim is secured due to the value of the property exceeding the amount of first mortgage claim, and, as a result, its interests can not be modified pursuant to 11 U.S.C 1322(b)(4) and its lien should not be avoided.

/ / /

/ / /

Case: 09-11251 Doc# 19 Filed: 08/18/09 Entered: 08/18/09 09:45:53 Page 1 of 4

## FACTS

The Credit Union is the holder of a claim based upon a Note agreement (the "Note") entered into by and between Debtors and the Credit Union on or about July 20, 2009.  The Credit Union's claim is secured the Debtors' principal residence commonly known as 27371 Blue Lake Court, Willits, California 95490 (the "Real Property") as evidenced by the Deed of Trust recorded in the Mendocino County Recorder's office.  The Credit Union's lien is the second mortgage lien on the Real Property.

The balance due on the Credit Union's Note at the time the Debtors' filed their Chapter 13 bankruptcy Petition was $24,284.74. The minimum monthly payment is $185.62 with interest accruing at 8.125% per annum.  Though Debtors' in their moving papers assert on information and belief that the amount of the lien on Debtors' first mortgage is $212,781.00, Debtors' Schedule D represents that amount to be $203,231.00.

The Real Property is appraised at $221,000.00 according to an appraisal obtained by the Credit Union on July 8, 2009.  As a result, if the amount of the first mortgage lien (using either of the amounts presented by Debtors) is subtracted from the appraised value of the Real Property, there is enough value for the Credit Union's claim to be partially secured.

Thus Debtors' Motion should be denied because there is sufficient value on the Real Property for the Credit Union's lien to be fully secured.

## SINCE THE VALUE OF THE REAL PROPERTY EXCEEDS THE FIRST MORTGAGE LIEN, DEBTORS' MOTION SHOULD BE DENIED

Debtors are attempting to value the Credit Union's claim at $0 pursuant to 11 U.S.C. section 506(a).  Section 506(a) defines a secured claim as secured "to the extent of the value of such creditor's interest in the estate's interest in such property" (11 U.SC. § 506(a).)  A Ninth Circuit Court decision, In re Zimmer, applied and interpreted that definition in the mortgage context as follows: "a claim such as a mortgage claim is not a "secured claim" to the extent that it exceeds the value of the property that secures it." (In re Zimmer, 313 F.3d 1220, 1223 (9th Cir., 2002).)  As discussed further below, the Credit Union's claim is a secured claim because the value of the Real Property exceeds the claim for the first mortgage.

Debtors rely on In re Zimmer to support their position that the Credit Union's lien should be avoided.  However the facts of this case are distinguishable from those in Zimmer.  In Zimmer, the debtor

sought to avoid the lien of a junior lienholder based on the fact that the value of the senior lienholder's claim exceeded the value of the property. The debtor declared that in her bankruptcy schedules that the value of the property was $110,000, the amount of the senior mortgage lien was $123,000 and the amount of the junior mortgage lien was $37,411.19. The court held that the junior lienholder was not the holder of a secured claim because the value of the senior mortgage lien exceeded the value of the property. As a result the junior lienholder's claim was not protected by the antimodification protection under section 1322(b)(2) and its rights could be modified. (In re Zimmer, supra, at 1222).

In this case, the value of the Real Property <u>does</u> exceed the claim of the first mortgage holder. Debtors' assert in their moving papers that they estimate the value of the Real Property to be $133,000 (See Debtors' Motion, Pg. 2, ¶3). Debtors provide no declarations or other evidence of the value of the Real Property. In anticipation of Debtors' Motion and to determine whether to object to confirmation of Debtors' chapter 13 plan, the Credit Union obtained an independent appraisal of the Real Property on July 8, 2009. This appraisal states that the market value of the Real Property is $221,000.00. (See Declaration of William Barron in Support of Redwood Credit Union's Opposition to Debtors' Motion for Order Valuing Lien of Redwood Credit Union at $0, ¶8 (herein "Barron Declaration")). This value exceeds the claim of the first mortgage holder which Debtors claim in their Motion to be $212,781.00 and in their Schedule D to be $203,231.00. Calculating with either value results in sufficient equity in the Real Property to secure the Credit Union's claim: (a) $221,000.00-$212,781.00 = $8,219.00; and (b) $221,000-$203,231.00 = $17,769.00. (See Barron Declaration, ¶ 9).

As a result, the Credit Union's claim cannot be valued at $0 as Debtors' contend. The existence of some equity allows the Credit Union's claim to be considered a secured claim for purposes of Section 506(a). (In re Zimmer, supra, at 1224).

The Credit Union is secured by the Real Property according to section 506(a) and by holding a claim secured by the Real Property, the Credit Union's interests can not be modified as provided by 11 U.S.C 1322(b)(2). Therefore, its lien should not be avoided.

/ / /

/ / /

/ / /

# CONCLUSION

Based on the foregoing, the Credit Union's claim is fully secured and Debtors' Motion should be denied.

Respectfully submitted,

Dated:  August 18, 2009                    **MOORE, BREWER, JONES, TYLER& NORTH**


By: /s/ Haydee D. Garbero
    Haydee D. Garbero
    Duane Tyler
    Attorneys for Respondent,
    Redwood Credit Union

S:\Litigation\C-Redwood CU\Hammer, Lawrence BK\Opposition re Lien Avoidance.doc

-4-

REDWOOD CREDIT UNION'S OPPOSITION TO DEBTORS'                    Bankruptcy No. 09-11251
MOTION FOR ORDER VALUING LIEN OF REDWOOD CREDIT UNION AS $0

Case: 09-11251    Doc# 18    Filed: 08/18/09    Entered: 08/18/09 09:45:53    Page 4 of 4